UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| GARY WILDER | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 0: 08-62-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| DENISE BLACK and SCOTT HAAS | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants | ) | |

\*\*\*\* \*\*\*\* \*\*\*\*

Plaintiff Gary Wilder ("Wilder"), an inmate confined at the Little Sandy Correctional Complex in Sandy Hook, Kentucky ("LSCC"), has submitted a *pro se* civil rights action under 42 U.S.C. § 1983. [R. 2]

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 08 (6th Cir. 1997). As Wilder is appearing *pro se,* his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

**I.     FACTUAL BACKGROUND**

Wilder indicates that in October 2005 he broke his wrist while incarcerated at LSCC. Surgery was performed on his wrist that same month. Wilder alleges that the surgery has caused

problems since that date, and makes nonspecific allegations that his follow up medical care has been deficient. Wilder also alleges that illegal drugs are smuggled into the prison, and that prison officials either turn a blind eye to this smuggling or are active participants in it. Wilder suggests, but does not expressly admit, that he has purchased illegal drugs to deal with his pain, both from the lingering effects of the surgery and from his Hepatitis C. Wilder alleges this situation has caused him to be disciplined after testing positive for drugs, as well as lose the opportunity to participate in rehabilitative programs. He indicates that he has filed inmate grievances regarding this issue, but has not provided either narrative details nor documentation in support of this contention. Wilder filed his Complaint in this matter on April 16, 2008 seeking medical care and substantial monetary damages.

## II.   DISCUSSION

Whatever the merits of Wilder's allegations, he delayed too long before filing suit to vindicate his rights. Any civil rights claim arising out of conduct occurring in Kentucky must be filed within one year after the claim accrues. *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) (applying KRS 413.140(1)(a) to civil rights claims). A claim accrues when a plaintiff knows or reasonably should know of the injury that provides the basis for the claim. *Collard*, 896 F.2d at 183; *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991) (courts look for the event that should alert a typical lay person to protect his or her rights). In his Complaint, Wilder alleges that complications and concerns regarding his surgery surfaced immediately after it was performed in October 2005. In addition, the medical records show renewed complaints regarding his condition in December

2006 into January 2007. *Note however Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (a plaintiff need not know the full extent of her injuries before her claim accrues, she must merely be sufficiently aware of her injury to put her on inquiry notice). Wilder did not file his Complaint in this action until April 2008, well after the statute of limitations had run. Accordingly, Wilder's Complaint must be dismissed with prejudice as the claims asserted therein are time-barred. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).

### III. CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

1. Plaintiff's Complaint [R. 2] is **DISMISSED WITH PREJUDICE.**

2. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Chanced v. Scarman*, 117 F.3d 949 (6th Cir. 1997).

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This June 5, 2008.



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge